```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
JOSEPH A. FERRARA, SR., FRANK H. FINKEL,           REPORT AND
MARC HERBST, DENISE RICHARDSON,                    RECOMMENDATION
THOMAS CORBETT, ANTHONY D'AQUILA,                  CV10-3442 (JS) (WDW)
THOMAS GESUALDI, LOUIS BISIGNANO,
DOMINICK MARROCCO, and ANTHONY PIROZZI,
as Trustees and Fiduciaries of the Local 282 Welfare
Trust Fund, the Local 282 Pension Trust Fund, the Local
282 Annuity Trust Fund, the Local 282 Job Training
Trust Fund, and the Local 282 Vacation and Sick Leave
Trust Fund,
                            Plaintiff(s)
            -against-

MARSANI CONSTRUCTION, INC.,
                            Defendant(s).
-----------------------------------------------------------X
```
**WILLIAM D. WALL, United States Magistrate Judge:**

Before the court on referral from District Judge Seybert is a motion for entry of default judgment by the plaintiffs. DE [3 & 9]. For the reasons set forth herein, I recommend that the motion be granted, default judgment entered, and damages awarded as follows: $4,267.47 in estimated unpaid contributions for the period from November 1, 2008 through September 30, 2010; $787.69 in interest on the contributions through November 15, 2010 and additional interest accruing from November 16, 2010 through the date of payment at a daily rate of $2.10; $853.49 in liquidated damages; $9358.50 in attorneys fees, and $444.46 in costs. I further recommend that the plaintiff not be awarded $350 in audit fees or daily accrual of liquidated damages, for the reasons set forth *infra*.

## BACKGROUND

Defendant Marsani Construction is a party to the New York City Heavy Construction & Excavating Contract with Local 282 ("the Union") for the period July 1, 2009 through June 30, 2013 (the "2009 CBA"), effective November 1, 2008. Mackson Decl., Ex. A, ¶9; Cody Decl.,

¶6. Marsani was also a party to the New York Heavy Construction & Excavating Contract with the Union for the period of July 1, 2006 through June 30, 2009 ("the "2006 CBA," together with the 2009 CBA, "the CBAs").  Mackson Decl., Ex. A ¶10; Cody Decl. ¶7.  The CBAs provide that the Restated Agreement and Declaration of Trust (the "Trust Agreement"), the Funds' governing document, is incorporated into the CBAs.  Cody Decl., ¶9 & Ex. C at 18.  The Trust Agreement requires Marsani to submit remittance reports and contributions to the Plaintiff Funds on behalf of those employees covered by the CBAs.  The CBAs and Trust Agreement require Marsani to submit to periodic audits and to pay any delinquencies revealed by the audits.  Here, although the Funds' auditors and counsel requested Marsani to submit to an audit for the time period November 1, 2008 through January 31, 2010, the defendant failed to allow an audit, in violation of the CBAs.  *See* Mackson Decl., Ex. A, ¶¶22-24.

This action was commenced on July 28, 2010 by the plaintiff Trustees to compel an audit and collect any deficiencies identified by the audit, plus interest, liquidated damages, and attorneys fees and costs pursuant to Section 502(g)(2) of ERISA, 29 U.S.C. §1132 (g)(2).  The Complaint also sought contributions and damages pursuant to the Trust Agreement's estimate provisions in the event that Marsani did not submit to an audit.  The Trustees served a copy of the Summons and Complaint on Marsani through the Secretary of State on August 10, 2010.  Mackson Decl., ¶3 & Ex. A.  Despite service, Marsani has not answered or otherwise appeared.

## DISCUSSION

Entry of a default judgment is appropriate when "the adversary process has been halted because of an essentially unresponsive party." *Dae Woo Kim v. City of New York*, 1990 U.S. Dist. LEXIS 7137, at *5 (S.D.N.Y. June 11, 1990) (quoting *H.F. Livermore Corp. v.*

*Aktiengesellschaft Gebruder Loepfe*, 432 F.2d 689, 691 (D.C. Cir. 1970)). Here, defendant Marsani has failed to answer the Complaint and is therefore a non-responsive party. I recommend that default judgment be entered and turn to the damages to be awarded.

A default constitutes an admission of all well-pleaded factual allegations in the complaint, except those relating to damages. *See Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.,* 973 F.2d 155, 158 (2d Cir.), *cert. denied,* 506 U.S. 1080 (1993). A default also "effectively constitutes an admission that the damages were proximately caused by the defaulting party's conduct: that is, the acts pleaded in a complaint violated the laws upon which a claim is based and caused injuries as alleged." *Cablevision Sys. New York City Corp. v. Abramov,* 980 F. Supp. 107, 111 (E.D.N.Y. 1997). The movant must prove that the "compensation sought relate[s] to the damages that naturally flow from the injuries pleaded." *Greyhound,* 973 F.2d at 159. An evidentiary hearing is not required so long as there is a basis for the damages awarded. *Transatlantic Marine Claims Agency v. Ace Shipping Corp.,* 109 F.3d 105, 111 (2d Cir. 1997)(citations omitted). Detailed affidavits and other documentary evidence can provide this basis. *See, e.g., Action S.A. v. Marc Rich & Co.,* 951 F.2d 504, 508 (2d Cir. 1991). Here, the plaintiffs have submitted declarations from Theresa Cody, an employee of the Funds responsible for organizing the Funds' records and recording whether employers have submitted monthly remittance reports and contributions to the Funds, and from their attorney, Tzvi N. Mackson, along with the relevant documents that support their claims. The defendant has not submitted any opposition. Accordingly, a hearing on the issue of damages is not necessary.

As noted *supra*, the defendant is a party to and bound by The New York City Heavy Construction & Excavating Contracts with Local 282, for the period July 1, 2009 through June

30, 2013, effective November 1, 2008 and for the period of July 1, 2006 through June 30, 2009. Those CBAs provide that the Restated Agreement and Declaration of Trust (the "Trust Agreement"), the Funds' governing document, is an enforceable part of the CBAs. Both the CBAs and the Trust Agreement required Marsani to submit remittance reports and contributions and to submit to periodic audits and to pay any delinquencies revealed by the audits. By letters dated February 12, 2010 and March 12, 2010, the Funds' auditors sought audits for the period from November 1, 2008 through January 31, 2010. Complaint, ¶22. By letter dated June 1, 2010, the Funds' counsel requested that Marsani submit to audit for the period commencing November 1, 2008. Despite these requests, Marsani did not comply. The plaintiffs had a right to the audits, and, because Marsani did not submit to the audit demands, now have the right to estimate unpaid contributions, interest and liquidated damages pursuant to the applicable Trust Agreement.

29 U.S.C. §1132(g)(2) provides that when a judgment in favor of a plan is entered pursuant to section 1145, the court shall award the plan: (1) unpaid contributions; (2) interest on the unpaid contributions; (3) an amount equal to the greater of the interest on the unpaid contributions or liquidated damages provided for under the plan in an amount not to exceed 20 percent of the amount of unpaid contributions; (4) reasonable attorney's fees and costs of the action; and (5) such other legal or equitable relief as the court deems appropriate.

Delinquent Contributions

Here, the plaintiffs have estimated the contributions owed pursuant to formulae set forth in the Trust Agreement, concluding that Marsani owes $4,267.47 in estimated unpaid contributions for the period from November 1, 2008 through September 30, 2010. Cody Decl.

¶¶16-18, 20-26. I recommend the award of that amount.

Interest

For contribution obligations accruing on or after November 1, 2003, the Trust Agreement, as amended, provides for interest at the rate of 1½% per month, or 18% per year. *See* Cody Decl. ¶¶29-30 & Ex. A, ninth unnumbered page after page 51. The total amount of interest due through November 15, 2010 is $787.69, with additional daily interest of $2.10 from November 16, 2010 through the date of payment. Cody Decl. ¶¶31-34. I recommend an award of those amounts.

Liquidated Damages

Pursuant to 502(g)(2)(c) of ERISA, 29 U.S.C. §1132(g)(2)(c) and the Trust Agreement, liquidated damages are to be awarded in an amount equal to the greater of interest on the unpaid contributions or twenty percent of unpaid contributions. Cody Decl. ¶35, Ex. A at 31. Here, the plaintiffs have opted to receive twenty percent of the unpaid contributions, or $853.49, which is the greater amount of the two choices. Thus, they should be awarded $853,49 in liquidated damages, but not additional liquidated damages to accrue at the rate of $2.10 per day. The plaintiffs have pointed to no basis, either in the CBAs, the Trust Agreement, or caselaw that would allow further accrual of liquidated damages after the threshold award of such damages, especially where the damages are based on a percentage of unpaid contributions, and not on interest. If such support exists, they may file supplemental papers supporting the award they seek and I will supplement this Report.

Audit Fees

The plaintiffs also seek $350 in audit fees. Here, there was no audit of the books and records because Marsani did not allow one, but the plaintiffs rely on a provision of the Trust

Agreement that awards "Auditor's fees . . . [of] $350, or such other amounts as the Trustees in their discretion shall apply . . . in all cases in which . . . collection of the Employer's delinquent contributions *reported by the audit* is referred to the Funds' attorney." *See* Cody Decl., Ex. A at 30-31 (emphasis added). Although the plaintiffs have provided legal support for the award of such fees where an audit was scheduled but never performed, to my reading the provision requires that an audit be performed for the provision to apply. *Compare La Barbera v. Tadco Constr. Corp.,* 647 F. Supp. 2d 247, 254 (E.D.N.Y. 2009). Inasmuch as there was no audit here and the unpaid contributions were determined by estimate, I recommend that the $350 not be awarded.

Attorney's Fees

ERISA requires an award of attorneys fees and costs upon a determination that an employee benefit plan is entitled to judgment for unpaid contributions. 29 U.S.C. §1132 (g)(2)(D). When assessing the reasonableness of legal fees, the court must determine the "presumptively reasonable fee" for an attorney's services by looking to what a reasonable client would be willing to pay, keeping in mind that "a reasonable, paying client wishes to spend the minimum necessary to litigate the case effectively." *Simmons v. New York City Transit Auth.,* 575 F.3d 170, 174 (2d Cir. 2009). To calculate the presumptively reasonable fee, the court must first determine a reasonable hourly rate for the legal services performed. *Id.* Reasonable hourly rates in attorney fee awards are determined with reference to a number of factors, including but not limited to those factors set out in *Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714 (5th Cir. 1974).[1] *See Arbor Hill*, 522 F.3d at 186-87, 190. Those factors are to be considered

---

[1]The *Johnson* factors, as articulated by the court in *Arbor Hill*, are: "(1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the level of skill required to perform

within the context of the relevant legal "community," traditionally defined as "the district where the district court sits." *Arbor Hill,* 522 F.3d at 190 (internal citation omitted).

Here, the plaintiffs seek $9,358.50 in attorneys fees, based on charges of $370 per hour for partner time, $275 per hour for associate time, and $90 per hour for paralegal time. *See* Mackson Decl. I find that the rates are reasonable for ERISA work in the Eastern District and that the number of hours expended is also reasonable. Thus, I recommend an award of the amount sought.

They also seek costs in the amount of $444.46, consisting of a court filing fee of $350, $62 for service of process and $32.46 for postage, photocopies and ground transportation. See Mackson Decl., ¶¶12-22, Ex. B & C. I recommend that award as well.

**OBJECTIONS**

A copy of this Report and Recommendation is being sent to counsel for the plaintiffs by electronic filing on the date below. Plaintiff's counsel is directed to serve a copy of this Report on the defendants, and to fax a copy of it if possible, and to electronically file proof of service with the court. Any objections to this Report and Recommendation must be filed with the Clerk of the Court within 14 days. *See* 28 U.S.C. §636 (b)(1); Fed. R. Civ. P. 72; Fed. R. Civ. P. 6(a) and 6(d). Failure to file objections within this period waives the right to appeal the District Court's Order. *See Ferrer v. Woliver,* 2008 WL 4951035, at *2 (2d Cir. Nov. 20, 2008); *Beverly*

---

the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the attorney's customary hourly rate; (6) whether the fee is fixed or contingent; (7) the time limitation imposed by the client or the circumstances; (8) the amount involved in the case and results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the 'undesirability' of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases." 522 F.3d at 186, n.3 (citing *Johnson,* 488 F.2d at 717-19).

*v. Walker,* 118 F.3d 900, 902 (2d Cir. 1997); *Savoie v. Merchants Bank,* 84 F.3d 52, 60 (2d Cir. 1996).

Dated: Central Islip, New York
March 11, 2011

    /s/ William D. Wall
WILLIAM D. WALL
United States Magistrate Judge